IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

vs.                                            CASE NO. **4:05CR00063GH**

ROBERT LEE PHILLIPS                                                                          DEFENDANT

**ORDER**

On March 14, 2006, a twelve person jury found defendant guilty of being a felon in possession of a firearm.  Defendant has filed a motion for judgment of acquittal or in the alternative motion for a new trial.

Defendant argues that the evidence presented by the government was not sufficient to establish guilt beyond a reasonable doubt.  In particular, defendant states that the government failed to establish the particular firearm alleged in the indictment, but only that he possess "some type" of firearm on the date of the offense.  Defendant further asserts that the Court erred in allow the government to submit hearsay evidence regarding the alleged ejection of shells from the weapon and evidence of defendant's alleged drug and alcohol use.  Such evidence, according to defendant, was prejudicial and inadmissible.

In considering a motion for judgment of acquittal the Court must consider the evidence in the light most favorable to the prosecution, drawing all reasonable inference in favor of the verdict. *United States v. Thropay*, 394 F.3d 1004, 1005-06 (8th Cir. 2005). A jury verdict will be upheld if  substantial evidence supports it.  "Substantial evidence exists if a reasonable minded jury could have found the defendant guilty beyond a reasonable doubt.  This standard of review is a strict one; we will not lightly overturn the

-1-

jury's verdict. Reversal is appropriate only where a reasonable jury could not have found all the elements of the offense beyond a reasonable doubt." *United States v. Cruz*, 285 F.3d 692, 697 (8th Cir. 2002) (citations and internal quotation marks omitted).

Under § 922(g), the government is only required to prove that defendant possessed a "firearm" within the meaning of § 921(a)(3), not that he possessed the .38 revolver which was alleged in the indictment. *United States v. Anderson*, 78 F. 3d 420, 423 (8th Cir. 1996). *See United States v. McIntosh*, 23 F.3d 1454, 1456-57 (8th Cir.), *cert. denied*, 513 U.S. 935, 115 S.Ct. 333, 130 L.Ed.2d 291 (1994) (even though indictment alleged that defendant had a .357 revolver, proof that defendant carried any firearm was sufficient because specific type of firearm was not an element of the offense).  Here, the government met its burden by establishing that defendant possessed a firearm.

Thus, there is no merit to defendant's first argument.

The Court cannot find that defendant was unduly prejudiced by the admission of the evidence of alleged drug and alcohol use, as well as the alleged ejection of shells from the weapon.    Here, the Court weighed the probative value of the evidence and determined that it outweighed the prejudicial effect.  Other than arguing that such evidence is unduly prejudicial, defendant has not established how the evidence was not probative or relevant to the issues in the case.

It is clear that there was overwhelming evidence to support the jury's verdict.

Accordingly, the motion for judgment of acquittal or in the alternative motion for new trial is denied.

IT IS SO ORDERED this 16th day of May, 2006.

*/s/ George Howard, Jr.*
UNITED STATES DISTRICT JUDGE