## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN   DIVISION

|  |  |  |
|---|---|---|
| | * | |
| UNITED STATES OF AMERICA | * | |
| | * | |
| VS. | * | NO: 4:05CR00063   SWW |
| | * | |
| ROBERT LEE PHILLIPS | * | NO: 4:08CV04113 SWW |
| | * | |
| | * | |
| | * | |
| | * | |

## ORDER

Before the Court is Petitioner Robert Lee Phillips' motion to vacate, set aside, or correct

his sentence pursuant to 28 U.S.C. § 2255 (docket entry #96) and the Government's response in

opposition (docket entry #100).  After careful consideration, the Court finds that the motion

should be and hereby is denied.[1]

### I.

Sometime around midnight on October 16, 2004, an individual was shot in the back of

the head at the Brown Sugar Club in Altheimer, Arkansas.  Officers located a vehicle that

matched a description of a car that witnesses reported left the scene after the shooting.  After a

high-speed chase, officers stopped the vehicle and arrested four occupants including Phillips,

---

[1]Because the record conclusively shows that Phillips is not entitled to relief, the Court decides his motion without conducting an evidentiary hearing.  *See Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)(citations omitted)(holding that a petition under § 2255 can be dismissed without a hearing if the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or if the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

who matched a description of the shooter.  Phillips made inculpatory statements during two police interviews.  In his first statement, Phillips admitted that he was present at the club and that he shot a gun into the air.

Phillips was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Following an evidentiary hearing,  the late Honorable Judge George Howard, Jr. denied Phillips' motion to suppress the inculpatory statements.  Judge Howard found that Phillips intelligently and knowingly waived his *Miranda* rights, and he rejected Phillips' claim that he consumed ecstasy and brandy prior to his arrest and was still under the influence during the police interviews.

On March 14, 2006, a jury found Phillips guilty as charged.  Based on a criminal history category of four, an offense level of 28, and an advisory guidelines range of 110 to 120 months, Judge Howard sentenced Phillips to 110 months' imprisonment.  Phillips appealed his conviction and sentence, challenging the denial of his motion to suppress and Judge Howard's determination of his advisory guidelines sentencing range.  The Eighth Circuit affirmed Phillips' sentence and his conviction.  *See United States v. Phillips*, 506 F.3d 685 (8th Cir. 2007).

## II.

For his first claim, Phillips charges that the evidence at trial was insufficient to convict him.   This claim was not raised on direct appeal.  "'Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a § 2255 motion only if the defendant can demonstrate cause and prejudice, or that he is actually innocent.'"  *Becht v. United States*,  403 F.3d 541, 545 (8th Cir. 2005)(quoting *Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604 (1998)).

Phillips fails to allege any facts demonstrating cause or prejudice; thus he may attack the

sufficiency of the evidence only if he can establish actual innocence.  To establish actual

innocence, Phillips must show factual innocence, not simply legal insufficiency of evidence to

support a conviction.  *See McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001).  And to

establish actual factual innocence, Phillips must demonstrate that, in light of all the evidence, it is

more likely than not that no reasonable juror would have convicted him.  *See United States v.

Bailey*, 235 F.3d 1069, 1072 (8th Cir. 2000).

Phillips asserts that he is actually innocent "because the firearm was not found in/or on

his possession nor did he constructively possess the firearm as stated in 18 U.S.C. § 922(g)(1)."[2]

Docket entry #95, memorandum at 3.

At trial, Lamarcus Benton testified that he observed Phillips shoot a gun in the air at the

Brown Sugar Club at the time in question.  Benton and Horatio Jones testified that immediately

after the shooting, they left the club with Phillips in the vehicle that was eventually stopped by

police.  Benton and Jones testified that Phillips fired a gun out a window of the vehicle, and they

took the firearm from him and threw it out of the car  before police stopped the vehicle.  Benton

testified that after his arrest, he took police to the area where the gun was discarded, and officer

Yohance Brunson testified that Benton assisted him in locating the gun in a ditch along the

highway where officers stopped the vehicle.  Finally, ballistics evidence presented at trial linked

shrapnel removed from the shooting victim to the firearm retrieved from the ditch.  The Court

---

[2]To convict Phillips of being a felon in possession of a firearm, the government was required to prove beyond a reasonable doubt: (1) Phillips previously had been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) Phillips knowingly possessed a firearm; and (3) the firearm had been in or had affected interstate commerce. 18 U.S.C.A. § 922(g)(1).

finds that, in light of the ample evidence on which a juror could reasonably find that Phillips knowingly possessed a firearm and convict Phillips under § 922(g)(1), he is unable to establish actual innocence.

For his second claim, Phillips asserts that he received ineffective assistance of counsel because counsel failed to (1)  investigate the weapon, (2) subpoena alibi witnesses, (3) interview government witnesses, and (4) file a motion to suppress the firearm.   Phillips also claims that counsel refused to allow him to testify and "committed a number of fundamental procedural errors which are inconsistent with effective assistance of counsel in a criminal trial."  *Id*., at 7.

To establish ineffective assistance of counsel, Phillips must prove (1) deficient performance--that his counsel's representation fell below an objective standard of reasonableness;  and (2) prejudice--that but for counsel's unprofessional errors, the result of the proceeding would be different.  *See Strickland v. Washington*, 466 U.S. 668, 688-694, 104 S. Ct. 2052, 2064-2068 (1984).   An evidentiary hearing is unnecessary if a petitioner makes an insufficient preliminary showing on either or both *Strickland* prongs.  *See Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)(affirming denial of § 2255 motion without a hearing where the movant failed to present specific, non-conclusory allegations regarding prejudice to support an ineffective assistance of counsel claim).  Here, even assuming that Phillips could show deficient performance, the petition is void of allegations clarifying how, in light of the overwhelming evidence supporting his conviction, counsel's alleged errors prejudiced the outcome of Phillips' trial.

For Phillips' third claim, he asserts that Judge Howard abused his discretion by failing to consider factors under 18 U.S.C. § 3553(a) and whether his sentence was substantially

reasonable.   Because Phillips raises this claim for the first time in this proceeding, it is procedurally defaulted.  Additionally, Phillips' claim is without merit as the transcript of the sentencing hearing reflects that § 3553(a) factors were duly considered by Judge Howard at sentencing.  *See* Sent. Hr'g Tr. at 218-220.

### III.

For the reasons stated, it is hereby ordered that Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (docket entry #95)  is DENIED.  It is further ordered that Petitioner's motion to proceed in forma pauperis (docket entry #96) is DENIED AS MOOT.

IT IS SO ORDERED THIS 9TH  DAY OF MARCH, 2009.


/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE